UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARY ISUREAL,
    *Plaintiff*,

v.

NANCY A. BERRYHILL, *Deputy Commissioner of the Social Security Administration*,
    *Defendant*.

No. 3:15-cv-00221 (JAM)

**RULING ON CROSS MOTIONS TO REMAND AND AFFIRM THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY**

Plaintiff Mary Isureal alleges that she is disabled and cannot work as a result of a number of impairments, chiefly including diabetes and peripheral neuropathy. She has brought this action seeking review of a final decision of defendant, the Commissioner of Social Security, which granted her claim for Supplemental Security Income Benefits only as to a closed period from May 26, 2010 through June 7, 2012, but not before or after.[1] Magistrate Judge Margolis has issued a recommended ruling (Doc. #25) that I deny defendant's motion to affirm the decision of the Commissioner (Doc. #22) and that I grant in part plaintiff's motion to reverse or remand (Doc. #17), insofar as it seeks a remand to the Commissioner for a new hearing.

---

[1] At the time this case was filed, Carolyn W. Colvin was the Acting Commissioner of the Social Security Administration. On January 23, 2017, Deputy Commissioner Nancy A. Berryhill became the Acting Commissioner. There is some doubt about Berryhill's current legal status in light of the recent determination by the Government Accountability Office that her tenure has expired under the Federal Vacancies Reform Act. *See* U.S. Gov't Accountability Office, B-329853, Violation of the Time Limit Imposed by the Federal Vacancies Reform Act of 1998—Commissioner, Social Security Administration (2018), https://www.gao.gov/products/D18772#mt=e-report (last accessed March 19, 2018). When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. *See* Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name and the court may order substitution at any time. *Ibid.* The Clerk of Court shall amend the caption in this case as indicated above.

1

Defendant filed a timely objection (Doc. #26) to Judge Margolis's ruling, arguing that Judge Margolis erred in holding (1) that the ALJ did not adequately evaluate whether plaintiff's impairments met or equaled listing 11.14; (2) that the ALJ violated the treating physician rule; and (3) that the ALJ did not adequately evaluate plaintiff's credibility. I assume the parties' familiarity with the factual record and governing law as described at length by Judge Margolis. *See also Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) ("A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error.").

This Court "may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record." *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 287, 291 (E.D.N.Y. 2014). I find no clear error in the portions of the recommended ruling for which no objection has been made. As for defendant's three objections to the recommended ruling, I will review those "parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Ibid.*; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

I agree with Judge Margolis that the ALJ did not comply with the treating physician rule. Under the regulations, a treating physician's opinion is to be given controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." 20 C.F.R. § 404.1527(c)(2). Only *after* an ALJ has determined that a treating source opinion should not get controlling weight do other factors, such as consistency, come into play. *See ibid.*; 20 C.F.R. § 404.1527(c)(3)–(c)(6). As Judge Margolis notes, the ALJ's ruling gave "no weight" to the opinion of Dr. DeMatteo-Santa but neither made an express finding that her opinion was not

entitled to controlling weight under § 404.1527(c)(2) nor expressly considered how much weight the opinion should be given under the other enumerated factors.

Instead, the ALJ concluded, erroneously, that Dr. DeMatteo-Santa's opinion was entitled to no weight because she is a podiatrist, not a medical doctor. As explained in the recommended ruling, a podiatrist is an acceptable medical source for purposes of establishing impairments of the foot. Doc. #25 at 32-33. Defendant is incorrect to suggest that Dr. DeMatteo-Santa's opinion "went well beyond foot/ankle function to opine that plaintiff was completely restricted from lifting, carrying, or bending." Doc. #26 at 5. All of these functions involve placing weight on the feet. Indeed, Dr. DeMatteo-Santa's conclusion that plaintiff should not lift, carry, or bend might be thought to follow *a fortiori* from her opinion that plaintiff "should not perform any activity involving standing [or] walking." Doc. #11-9 at 82.

This finding alone is enough to warrant remand. On remand, however, the ALJ should also be sure to address the other concerns raised in the recommended ruling. In considering the medical opinion evidence of Dr. Perlin, the ALJ should be sure to make explicit findings as required by the regulations and the treating source rule. The ALJ should clearly explain how much weight is being given to each portion of Dr. Perlin's opinion, and why, and these explanations should account for the fact that Dr. Perlin's evaluations do not appear to have changed between the closed period during which the ALJ found disability and the subsequent period where the ALJ found improvement.

On remand the ALJ should also thoroughly consider whether plaintiff meets or equals the criteria of listing 11.14, and should clearly explain whatever conclusion he may reach. Defendant correctly cites *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982) (*per curiam*), for the proposition that a reviewing court may affirm an ALJ's decision even if that decision fails to provide an

"express rationale" for its conclusions, so long as the administrative record as a whole demonstrates that the decision was supported by substantial evidence. *Id*. at 468. But *Berry* also warned that, because a reviewing court's task is made much more difficult when no express reasoning is given, "in future cases in which the disability claim is premised upon one or more listed impairments of Appendix 1, the Secretary should set forth a sufficient rationale in support of his decision to find or not find a listed impairment." *Id*. at 469.

Because neither the ALJ's decision nor the underlying medical opinion of Dr. Golkar upon which it relies discusses the application of the listing 11.14 criteria to plaintiff's case, this is a case in which the Court is "unable to fathom the ALJ's rationale in relation to evidence in the record." *Ibid*. Thus, if on remand the ALJ again concludes that plaintiff does not meet or equal the criteria of listing 11.14, he should provide a sufficient reasoned explanation to permit this Court to review that conclusion.

Finally, on remand the ALJ should be sure to assess the credibility of plaintiff's testimony carefully, and without misunderstanding. *See* Doc. #25 at 51–52. Likewise, any finding of medical improvement should be considered in light of a proper evaluation of the record.

## Conclusion

Because I agree with Judge Margolis's conclusions in all respects, I will adopt her recommended ruling (Doc. #25). Plaintiff's motion to reverse or remand the decision of the Commissioner (Doc. #17) is GRANTED in part, insofar as it seeks remand to the Commissioner for further proceedings, and DENIED in part, insofar as it seeks outright reversal and the entry of judgment. Defendant's motion to affirm the decision of the Commissioner (Doc. #22) is

DENIED. The case is remanded to the Commissioner for further proceedings consistent with this opinion.

It is so ordered.

Dated at New Haven this 21st day of March 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge